United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN SEASTRUNK,

    Petitioner,

  v.

D. K. SISTO, Warden,

    Respondent.
                                  /

No. C 08-3444 WHA (PR)

**ORDER TO SHOW CAUSE; DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Solano State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of two counts of first degree robbery, *see* Cal. Penal Code § 212.5 (a), one count of first degree burglary of a home, *see id.* at § 460(a), and found him to have personally used a firearm in the commission of these offenses, *see id.* at § 12022.53(b). With sentencing enhancements, he was sentenced to prison for thirteen years to life. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his Fourth Amendment rights were violated when the trial court denied a motion to suppress; (2) his due process rights were violated when the trial court did not exclude certain out-of-court statements as involuntary and unreliable; (3) his Sixth and Fourteenth Amendment rights were violated by the trial court's ruling that a witness could not invoke his Fifth Amendment rights; (4) his due process rights were violated by the testimony of a deputy district attorney; (5) in closing argument the prosecutor violated his due process rights and his Sixth Amendment rights to confrontation and cross-examination; (6) his Fourteenth and Sixth Amendment rights were violated by remarks made by the prosecutor in closing, and counsel was ineffective in not objecting to those arguments; (7) his Sixth Amendment right to confrontation and cross-examination was violated by admission of certain exhibits; (8) the cumulative effect of the above errors deprived petitioner of due process; (9) his Fifth, Sixth and Fourteenth Amendment right to a fair jury was

2

violated when the trial court refused to excuse a juror for cause and refused to allow the defense additional peremptory challenges.

Issue one is not proper grounds for federal habeas relief. *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), (baring federal habeas review of Fourth Amendment claims). It will be dismissed. The other claims are sufficient to require a response.

## CONCLUSION

1. Petitioner's motion for an extension of time to provide in forma pauperis information (document 5 on the docket) is **DENIED** as moot because the information was provided within the time allowed by the clerk's notice.

2. In view of petitioner's income and account balance, leave to proceed in forma pauperis (document number 4 on the docket) is **DENIED**. Petitioner must pay the five-dollar filing fee within thirty days of the date of this order or the case will be dismissed. Petitioner's earlier motion to proceed in forma pauperis (document 2) is **DENIED** as moot.

3. Issue one is **DISMISSED**.

4. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

5. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

6. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of

3

non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

7. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August    21   , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\SEASTRUNK3444.OSC.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NATHAN SEASTRUNK,

        Plaintiff,

  v.

D K SISTO,

        Defendant.

Case Number: CV08-03444 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nathan Seastrunk
V-81987/ 6-218
Solano State Prison
PO Box 4000
Vacaville, CA 95696

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: August 21, 2008

                                        Richard W. Wieking, Clerk
                                        By: D. Toland, Deputy Clerk